J-S03007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KYLEE SHAWN LANKFORD | : | |
| | : | |
| Appellant | : | No. 409 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 18, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011414-2017

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 14, 2020**

Kylee Shawn Lankford appeals the judgment of sentence entered following his jury convictions for two counts of second-degree murder, three counts of robbery, and one count each of burglary, conspiracy, and firearms not to be carried without a license.[1] Lankford challenges the weight of the evidence. We affirm.

The trial court aptly summarized the procedural history and facts of the case as follows:

> [Lankford] was charged . . . in connection with a robbery and murder that occurred in the early morning hours on September 1, 2017. Melanie Robb and Kimberly Lesko died in the robbery as a result of gunshot wounds to their faces and trunk. Another victim, Mark Jordan, was shot in the face

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 3502(a)(1)(i), 903, and 6106, respectively.

during the robbery and sustained serious bodily injury. Robert Brown was also present in the home when the robbery and murders occurred. While not legally married, Mr. Brown lived with Ms. Robb for approximately 22 years and the two considered themselves husband and wife. Mr. Brown was not physically harmed in this incident.

Trial Court Opinion ("TCO"), filed 5/29/19, at 2-3. Lankford committed the robbery and murder with his co-defendant, Miras Kelly, who testified that Lankford shot all of the victims.

The jury returned guilty verdicts for the above offenses and the trial court sentenced Lankford to life imprisonment.[2] Lankford filed a post-sentence motion arguing the verdicts were against the weight of the evidence, and the trial court denied it. This timely appeal followed.

Lankford raises one issue for our review:

1. Did the trial court abuse its discretion by failing to grant Kylee Lankford a new trial since the verdict was against the weight of the evidence when the unreliable testimony of his co-defendant, the initial suspect and the initial suspect's girlfriend's testimony was so inconsistent and untrustworthy that to base a verdict on their testimony shocks the conscience?

Lankford's Br. at 5-6 (suggested answer omitted).

We review a challenge to the weight of the evidence for an abuse of discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1054 (Pa. 2013). "An abuse of discretion is not merely an error of judgment, but is rather the

---

[2] The trial court sentenced Lankford to concurrent terms of seven to 14 years' incarceration for all the robbery counts, four to eight years' incarceration for burglary, and five to 10 years' incarceration for conspiracy.

overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Antidormi*, 84 A.3d 736, 749 (Pa.Super. 2014) (citation omitted).

Additionally, "[b]ecause the trial judge has had the opportunity to hear and see the evidence presented, [this Court] will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Clay*, 64 A.3d at 1054 (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)) (citations omitted). A trial judge should grant a new trial based on a weight claim only where "'the evidence [is] 'so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" *Commonwealth v. Bozic*, 997 A.2d 1211, 1223 (Pa.Super. 2010) (quoting *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa.Super. 2009) (internal citations omitted)).

"'Questions concerning inconsistent testimony … go to the credibility of the witnesses.'" *Commonwealth v. Page*, 59 A.3d 1118, 1130 (Pa.Super. 2013) (quoting *Commonwealth v. DeJesus*, 860 A.2d 102, 106 (Pa. 2004)). "'A determination of credibility lies solely within the province of the factfinder. Moreover, any conflict in the testimony goes to the credibility of the witnesses and is solely to be resolved by the factfinder.'" *Id.* (quoting *Commonwealth v. Price*, 616 A.2d 681, 685 (Pa.Super. 1992)). The finder of fact is free to believe all, part, or none of the evidence. *See Bozic*, 997 A.2d at 1222. Thus,

this Court will not substitute its judgment for that of the factfinder and reassess the credibility of witnesses. ***See id.***

Lankford cites alleged inconsistencies in the testimony of the Commonwealth's witnesses and the absence of physical evidence to support his weight argument. Lankford states that "[t]he failure to consider all of the inconsistencies in testimony, the unreliability of certain testimony, the motives of [three witnesses], and the lack of any physical evidence connecting [Lankford] to the shootings renders the verdict contrary to the weight of the evidence." Lankford's Br. at 28.

Such a challenge goes to the credibility of the witnesses, which, as explained above, we will not reassess. That is not our bailiwick. Rather, that duty belongs to the factfinder, here the jury. ***See Bozic***, 997 A.2d at 1222. The jury heard all of the testimony, as well as arguments of counsel pointing out any alleged inconsistencies, and would have been aware of the extent of the evidence, including the absence of physical evidence. It nonetheless credited the Commonwealth's witnesses. As the trial court explained,

> [Lankford] attacks the testimony given by three Commonwealth witnesses during the trial. [Lankford] alleges that the testimony should not have been found credible due to the witnesses' alleged biases and/or motivations to lie. [Lankford's] argument fails to consider that for each witnesses' testimony that [Lankford] alleges lack credibility, the alleged biases and/or motivations were actually presented to the jury for its consideration. Moreover, these witnesses were vigorously cross-examined by defense counsel on these very issues. The jury ultimately judged the credibility of theses witnesses and found them each to be credible.

- 4 -

TCO at 6. The trial court's rejection of this line of argument was not an abuse of discretion.

Lankford makes much of the fact that "there was a complete lack of physical evidence connecting [Lankford] to the crimes. No guns were recovered, and no fingerprints, DNA nor blood placed him at the scene." Lankford's Br. at 30. The Commonwealth admits that no physical evidence connected Lankford to the murders but states that this "was simply a fact for the jury to consider in assessing credibility." Commonwealth's Br. at 33. To this end, the Commonwealth cites to our decision in *Commonwealth v. King*, 959 A.2d 405, 410-11 (Pa.Super. 2008), where King made the same argument.

A jury convicted King of first-degree murder and other related crimes. On appeal, he challenged the weight of the evidence, arguing in part that "the verdict was infirm because no physical evidence linked [King] to the crimes." *King*, 959 A.2d at 411. We rejected this argument concluding that "[t]he identification testimony of the two eyewitnesses was sufficient to support Appellant's conviction." *Id.*

Here, as in *King*, an eyewitness, Lankford's co-conspirator, identified Lankford as the shooter. Additionally, two witnesses testified that Lankford confessed to committing the crime. This collective circumstantial evidence was sufficient to support Lankford's conviction and "does not shock the sense of justice[.]" TCO at 7; *King*, 959 A.2d at 411. Thus, trial court did not abuse its discretion that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/2020